IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

FILED
APR 2 5 2007
U.S. DISTRICT C...
ALEXANDRIA, VIRG...

| | |
|---|---|
| BEVERLY BUGOS<br>11640 Ivystone Court<br>Reston, VA 20191<br><br>    Plaintiff,<br><br>vs.<br><br>CABLE & WIRELESS HOLDINGS, INC.<br>LONG TERM DISABILITY PLAN<br><br><br>SERVE:<br> ERISA PLAN ADMINISTRATOR<br> Cable & Wireless Holdings, Inc.<br> 8219 Leesburg Pike<br> Vienna, VA 22182<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CA # 1:07cv417<br>GBL/BRP |

## COMPLAINT FOR
## DISABILITY BENEFITS UNDER ERISA

### JURISDICTION AND VENUE

1. Plaintiff's claims against Defendant are filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

2. Plaintiff seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, the Plaintiff seeks: a) a declaration and enforcement of rights under the long-term disability insurance policy at issue

and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), b) a reinstatement of benefits, c) the payment of all back benefits due with pre-judgment and post-judgment interest, d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan, e) the clarification of rights to future benefits under the long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and f) an award of attorney's fees and costs.

3. Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f).

## PARTIES

4. Plaintiff Beverly Bugos is an individual who resides in Reston, Virginia.

5. Defendant Cable & Wireless Holdings, Inc. Long Term Disability Income Plan (herein "Plan") is an employee welfare benefit plan established under ERISA and sponsored by Cable & Wireless Holdings, Inc. ("Cable & Wireless"). Defendant is responsible for the actions of each of its fiduciaries and "deemed fiduciaries."

## THE EMPLOYEE WELFARE BENEFIT PLAN

6. At all times relevant Plaintiff was employed by Cable & Wireless in Virginia and was a plan participant in the Plan established under ERISA.

7. Cable & Wireless is the plan administrator.

8. Cable & Wireless and the Prudential Insurance Company of America ("Prudential") are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g)

(1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

9. The plan is funded by a group long-term disability insurance policy purchased from Prudential.

10. Prudential is responsible for conducting any ERISA mandated claim evaluation and final review rests with Prudential and with no other entity.

11. Prudential, upon information and belief, has made all of the decisions regarding Plaintiff's claim for disability benefits in this case.

## HISTORY OF THE CLAIM

12. Plaintiff worked for Cable & Wireless until she became disabled.

13. Plaintiff's last day worked was August 22, 2000.

14. The Plan provides for a 180 day "elimination period."

15. The Plan provides for lost income benefits.

16. Plaintiff timely gave notice of disability and applied for disability benefits under The Plan.

17. From August 22, 2000 through the present plaintiff has met the Plan's definition of "disabled" and has provided abundant evidence of disability.

18. After originally denying the claim for benefits, the Plan ultimately paid monthly benefits through November 2002, when benefits were wrongfully terminated.

19. Plaintiff has been denied long-term disability benefits by the Plan which has violated the plain language of the Plan; 29 U.S.C. 1133 (Claims procedure); and 29 U.S.C. 1104 (fiduciary duties).

20. Plaintiff has exhausted internal appeal remedies.

21. Plaintiff is entitled to long-term disability benefits under the Plan, including past due benefits; future benefits; pre-judgment interest from November 21, 2002; post-judgment interest and attorneys fees pursuant to ERISA.

22. Plaintiff is entitled to these benefits because the benefits are permitted under the policy; the Plaintiff has satisfied all conditions precedent to be eligible to receive the benefits and Plaintiff has not waived or otherwise relinquished the entitlement to the benefits.

## RELIEF SOUGHT

The Plaintiff requests that this Court enter an Order declaring the following:

1. No deference be granted to the decision of the Plan to deny benefits.

2. That the Plaintiff is entitled to long-term disability benefits under the policy.

3. That the Plaintiff is entitled to payment of past and future long-term disability benefits.

4. That the Plaintiff is entitled to payment of pre- and post-judgment interest.

5. That the Plaintiff is entitled to payment of attorney's fees and costs.

Respectfully submitted,

*Beverly Bugos*
By Counsel

_____
Benjamin W. Glass, III, VSB #23152
**Benjamin W. Glass, III & Associates, P.C.**
3915 Old Lee Highway
Suite 22-B
Fairfax, VA  22030-2432
Tel. 703-591-9829